UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAQUIN MARIO VALENCIA-TRUJILLO,
    Petitioner,

v.

                                      Case No. 8:26-cv-384-MSS-AAS
                                            8:02-cr-329-MSS-AAS

UNITED STATES OF AMERICA,
    Respondent.

### UNITED STATES' RESPONSE IN OPPOSITION TO VALENCIA-TRUJILLO'S CONSTRUED SUPPLEMENTAL BRIEF

Following the conclusion of briefing in this 28 U.S.C. § 2255 proceeding, Joaquin Mario Valencia-Trujillo filed a "Motion for Leave to Supplement Record with Diligence Declarations." Civ. Doc. 17.[1] This Court granted the motion, construed it and its attachments as a supplemental brief, and directed the United States to respond. Civ. Doc. 18. For the following reasons, and despite his new "diligence declarations," Valencia-Trujillo's § 2255 motion is due to be denied.

### I.    STATEMENT OF THE CASE

The United States outlined the facts and procedural history of this case in its response to Valencia-Trujillo's § 2255 motion. *See* Civ. Doc. 9 at 1–5. In short, a jury found him guilty of drug-conspiracy charges, engaging in a continuing criminal enterprise (CCE) as supported by numerous predicate acts, and conspiring to commit

---

[1] References to filings in the criminal case are cited as "Doc. [document number]." Filings in this civil case are cited as "Civ. Doc. [document number]." Only the first page of each trial transcript is available via ECF. The United States has provided pinpoint citations to the pages in the 2006 trial transcripts (Tr.) for the corresponding dates, copies of which can be filed separately if necessary.

money laundering. Docs. 1, 766, 767. Among other predicate acts, the jury heard testimony regarding a May 1, 2000, seizure of a cocaine shipment in New York. Doc. 876, Tr. at 161, 180–82; Doc. 877, Tr. at 161–63, 192–98; Doc. 878, Tr. at 198–216; Doc. 881, Tr. at 40–69.

This Court sentenced Valencia-Trujillo to 480 months in prison. Doc. 817. The United States Court of Appeals for the Eleventh Circuit affirmed his convictions on direct appeal. *United States v. Valencia-Trujillo*, 573 F.3d 1171 (11th Cir. 2009). This Court granted in part his subsequent § 2255 motion, vacated his drug-conspiracy convictions, and resentenced him to the same total term of 480 months' imprisonment. Docs. 1468, 1470, 1472. The Eleventh Circuit again affirmed. *Valencia-Trujillo v. United States*, 782 F. App'x 895 (11th Cir. 2019). The Supreme Court denied Valencia-Trujillo's petition for a writ of certiorari on February 24, 2020. *Valencia-Trujillo v. United States*, 589 U.S. 1245 (2020).

Nearly six years later, on February 5, 2026, Valencia-Trujillo filed the operative § 2255 motion, alleging three grounds: (1) his actual innocence as to the May 1, 2000, seizure of cocaine in New York, as purportedly supported by August 2024 declarations from Jhon Eidelber Cano Correa and Juan Carlos Giraldo Franco; (2) prosecutorial misconduct based on purported *Brady* and *Napue* violations[2]; and (3) an "unwaivable conflict of interest" of his former counsel due to personal concerns of an investigation by the same United States Attorney's Office. Civ. Docs. 1, 3. The

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. People of State of Ill.*, 360 U.S. 264 (1959).

United States responded in opposition, contending that his claims were untimely, largely defaulted, and meritless. Civ. Doc. 9. Valencia-Trujillo replied. Civ. Doc. 14.

Valencia-Trujillo has since supplemented the record with "two short diligence declaration packets," which he contends "are offered for the limited purpose of supporting diligence and timeliness concerning the Cano Correa and Giraldo Franco declarations." Civ. Doc. 17 at 1. He confirms that he "does not seek to assert any new claim, amend his § 2255 motion, or reargue the merits." *Id.* Upon review, the claims asserted in his § 2255 motion remain untimely, largely defaulted, and meritless, despite the new declarations in his construed supplemental brief.

## II.    DISCUSSION

There is a one-year limitation period to file a § 2255 motion, which runs from the latest of, among other dates, "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," § 2255(f)(4). "The § 2255(f) statute of limitations 'requires a claim-by-claim approach to determine timeliness.'" *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citations omitted).

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To make the showing, a petitioner must "persuade[]

the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Here, Valencia-Trujillo's various claims are time-barred. *See Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (affirming Eleventh Circuit's decision holding that untimely § 2255 motion was barred). Under § 2255(f)(1), even assuming his judgment became final when the Supreme Court denied his certiorari petition on February 24, 2020, he did not file the operative § 2255 motion until February 5, 2026—nearly six years later. Civ. Doc. 1 at 12. As for § 2255(f)(4), the clock begins to run as soon as the supporting "facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002) (emphasis in original). But as previously explained, *see* Civ. Doc. 9 at 6–7, the information contained in the Cano Correa and Giraldo Franco declarations does not form the basis of the factual predicates of Valencia-Trujillo's *Brady*, *Napue*, and conflict-of-interest claims asserted in grounds two and three.

Turning to ground one, Valencia-Trujillo has stated that he raises that ground as a "gateway claim" in an attempt to establish actual innocence and circumvent the applicable procedural bars. *See* Civ. Doc. 1 at 4, 11; Civ. Doc. 3 at 6–8; Civ. Doc. 14 at 2. But the Cano Correa and Giraldo Franco declarations—along with any other

4

purported "new evidence," *see* Civ. Doc. 14 at 2—do not establish Valencia-Trujillo's actual innocence, even if his supplemental "diligence declarations" are considered.[3]

For starters, the supplemental declarations do not establish due diligence or provide an adequate explanation for the delay in obtaining the Cano Correa and Giraldo Franco declarations at all. Rather, both supplemental declarations relate to the retention of a Colombian attorney and criminal investigator in August 2023 and the subsequent "process of collecting, verifying, and analyzing information" that culminated in the August 2024 declarations of Cano Correa and Giraldo Franco. Civ. Doc. 17 at 2–3; Civ. Doc. 17-1 at 2–3; Civ. Doc. 17-2 at 2–3. The supplemental declarations were executed by that attorney, as well as Valencia-Trujillo's sister and "general attorney-in-fact." Civ. Doc. 17 at 2–3. But even those efforts occurred more than a year after Valencia-Trujillo's judgment became final, *see Valencia-Trujillo*, 589 U.S. 1245, and nearly two *decades* after his 2006 jury trial.[4]

As the Supreme Court has instructed, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing" and may "seriously undermine the credibility of the actual-innocence claim." *Perkins*, 569 U.S. at 399–400. Put simply, the prolonged delay in obtaining

---

[3] Valencia-Trujillo's drug-conspiracy convictions were vacated, and he has not clearly connected the declarations to his money-laundering offense. A CCE, meanwhile, involves a "violat[ion]" of the federal drug statutes where "such violation is a part of a continuing series of violations." 21 U.S.C. § 848(c). Three predicate acts are required. *Valencia-Trujillo*, 573 F.3d at 1185.

[4] Nor, for that matter, would the supplemental declarations support equitable tolling, which requires a showing that (1) a movant has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). And even if the period between August 2023 and August 2024 *were* tolled, Valencia-Trujillo's § 2255 motion, filed on February 5, 2026, is *still* untimely. *See Dodd*, 545 U.S. at 358–59.

the Cano Correa and Giraldo Franco declarations further undermines the credibility of Valencia-Trujillo's actual-innocence claim, despite any efforts made during the relatively short period of time between August 2023 and August 2024. *See id*.

Even assuming the supplemental declarations did provide *some* explanation for the delay, at bottom, Valencia-Trujillo has still failed to establish actual innocence. *See Schlup*, 513 U.S. at 329. To be sure, the United States did previously argue that the value of the information in the original declarations was minimal, "especially given their lateness." Civ. Doc. 9 at 10. But that is true even if the lateness of the declarations is not considered.

To reiterate, Cano Correa and Giraldo Franco merely stated that "the name: Joaquin Mario Valencia Trujillo was never mentioned in connection with [them] nor the facts" regarding their May 1, 2000, conduct in New York. Civ. Doc. 3-2 at 24, 29; Civ. Doc. 14 at 3. But even accepting that Valencia-Trujillo's name was not "mentioned" to them, that does not mean that Valencia-Trujillo was not involved in the charged conduct such that it could not constitute a proper CCE predicate act. *See* Civ. Doc. 9 at 11. And, again, the standard for actual innocence is "demanding." *House v. Bell*, 547 U.S. 518, 538 (2006).

Moreover, even if the Cano Correa and Giraldo Franco declarations *did* call into question Valencia-Trujillo's involvement in the May 1, 2000, conduct, he still fails to establish actual innocence of his CCE offense because the jury found him guilty of several other predicate acts—more than the required three—that are not implicated by any "new evidence." Doc. 767 at 4–13; *cf. Granda v. United States*, 990

6

F.3d 1272, 1292 (11th Cir. 2021) ("To demonstrate actual innocence of the § 924(o) offense, Granda would have to show that no reasonable juror would have concluded he conspired to possess a firearm in furtherance of any of the valid predicate offenses."). That is true regardless of whether Valencia-Trujillo has exercised diligence or adequately explained his delay in obtaining the declarations.

In other words, even if this Court concludes that the supplemental declarations reflect some diligence on Valencia-Trujillo's part as he suggests, the result is the same: Valencia-Trujillo's claims are untimely, largely defaulted, and conclusively refuted by the record. His § 2255 motion thus remains due to be denied. And as with his initial § 2255 motion, Valencia-Trujillo's construed supplemental brief does not warrant an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

THEREFORE, the United States respectfully requests that this Court deny Valencia-Trujillo's 28 U.S.C. § 2255 motion.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:     */s/ John H. Aycock*
JOHN H. AYCOCK
Assistant United States Attorney
Appellate Division
Florida Bar No. 112825
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6102
E-mail: john.aycock@usdoj.gov

**Valencia-Trujillo v. United States**          **Case No. 8:26-cv-384-MSS-AAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2026, a true and correct copy of the

foregoing document and the notice of electronic filing were sent by United States

Mail to the following non-CM/ECF participant:

Joaquin Mario Valencia-Trujillo
Reg. No. 02440-748
FCI Oakdale II
Federal Correctional Institution
P.O. Box 5010
Oakdale, LA 71463

*/s/ John H. Aycock*
JOHN H. AYCOCK
Assistant United States Attorney