AB 14596846.1.2-3

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

**JOAQUIN MARIO VALENCIA-TRUJILLO,**

Petitioner,

V.

**Case No. 8:26-cv-384-MSS-AAS**

**UNITED STATES OF AMERICA,**

**Crim. Case No. 8:02-cr-329-MSS-AAS**

Respondent.

# PETITIONER'S MOTION FOR LEAVE TO FILE LIMITED REPLY TO THE UNITED STATES' RESPONSE TO HIS CONSTRUED SUPPLEMENTAL BRIEF (CIV. DOC. 19)

Petitioner Joaquin Mario Valencia-Trujillo, proceeding pro se, respectfully moves under Local Rule 3.01(e) for leave to file a short limited reply to the United States' Response (Civ. Doc. 19). Consistent with Local Rule 3.01(e), the proposed reply is not attached; it will be filed only if the Court grants leave. The proposed reply raises no new claim and does not amend the § 2255 motion.

Good cause exists for a limited reply. In its Response to Petitioner's construed supplemental brief (Civ. Doc. 19), the United States makes new and renewed factual and legal assertions concerning diligence, delay, the actual-innocence gateway, and the significance of the New York evidence, including new assertions about the timing of the retention of Colombian counsel in August 2023 and a new equitable-tolling calculation. Civ. Doc. 19 at 5-6 & n.4. Petitioner's supplement expressly reserved the right to seek leave to file a limited reply if the United States opposed or raised new factual assertions concerning diligence, timeliness, or the Colombian declarations. Civ. Doc. 17. Those circumstances have now occurred.

AB 14596846 1.3-3

Petitioner seeks leave to file a limited reply not exceeding five pages. The proposed limited reply would address only four points: (1) the supplemental declarations are properly before the Court; (2) the correct legal standards governing newly discovered facts under 28 U.S.C. § 2255(f)(4) and delay under McQuiggin v. Perkins; (3) the character of the Cano Correa and Giraldo Franco declarations as affirmative exculpatory evidence; and (4) the government's continued failure to address Petitioner's argument that the New York evidence was not an isolated predicate issue. Petitioner requests no other relief and seeks no further briefing.

## LOCAL RULE 3.01(g) CERTIFICATE

Petitioner is pro se and incarcerated at FCI Oakdale II in Oakdale, Louisiana. Because of his incarceration and the limitations on his ability to communicate with counsel for the United States before filing, Petitioner was unable to confer with opposing counsel regarding the relief requested. The petitioner does not know whether the United States opposes the requested relief. After filing, Petitioner will attempt, through available prison communication methods or through his representative, to contact counsel for the United States for three days and will promptly supplement this motion as required by Local Rule 3.01(g)(3).

Respectfully submitted,

Joaquin Mario Valencia-Trujillo
Reg. No. 02440-748
FCI Oakdale II
P.O. Box 5010
Oakdale, LA 71463
Petitioner, Pro Se

Dated: August 06, 2026

AB 14596846.1.4-3

## CERTIFICATE OF SERVICE

I hereby certify that on August 06, 2026, a true and correct copy of the foregoing motion for leave to file limited reply to the United States' response to his construed supplemental brief (Civ. Doc. 19) was served on counsel for the United States by first class mail, addressed to:

John H. Aycock

Assistant United States Attorney

400 N. Tampa St., Ste. 3200

Tampa, FL 33602

Joaquin Mario Valencia-Trujillo
Petitioner, Pro Se